UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of
BITO STORAGE SOLUTIONS US, INC.,

For an Order to Conduct Discovery for
Use in Foreign Proceedings

Case No. 20 Misc. 202

**ORDER GRANTING *EX PARTE* APPLICATION
FOR ASSISTANCE PURSUANT TO 28 U.S.C §1782**

THIS CAUSE came before the Court upon the *Ex Parte* Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by BITO Storage Solutions US, INC., ("Applicant"). The Court, having considered the § 1782 Application and supporting materials and otherwise being fully advised in the premises, finds as follows:

A.   Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance.

B.   For purposes of the instant Application, the Court finds Applicant seeks documentary and testimonial evidence from Mr. Henry Roske (a/k/a Hendrik Roske) and H. Roske & Associates LLP, which reside or are found in the Southern District of New York (collectively, "Discovery Targets").

C.   The documentary and testimonial discovery sought through this Application is for use in a criminal investigation about the fraud suffered by the Applicant, which is being conducted by the Public Prosecutors of Diusburg and Lueneburg, Germany, (the "Pending Criminal Investigation"), and in contemplated civil proceedings to be filed before the German Civil Court against the fraudsters to recover the funds diverted from Applicant, which

proceedings are within Applicant's reasonable contemplation (the "Contemplated Civil Proceeding") (collectively, the "Foreign Proceedings").

D. Further, as victim entitled to present evidence in the Pending Criminal Investigation and as putative claimant in the Contemplated Civil Proceeding, Applicant is an interested person within the meaning of 28 U.S.C. § 1782.

E. The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Discovery Targets are not parties to the proceedings in Germany and are not expected to become parties thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the German courts or public prosecutors would not be receptive to U.S. federal court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent German proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicant is authorized to issue and serve a subpoena on each of the Discovery Targets in substantially similar form to the subpoenas attached to the Application as Composite Exhibit A.  The Applicant is further authorized to issue and serve additional follow up subpoenas on the Discovery Targets as may be necessary to obtain the documentary and testimonial evidence for use in the Foreign Proceedings.

4.      The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5.      Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

SO ORDERED.
July 31, 2020

_____
J. PAUL OETKEN
United States District Judge