**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of
BITO STORAGE SOLUTIONS US, INC.,

For an Order to Conduct Discovery for

Use in Foreign Proceedings

Case No. 1:20-mc-00202
(JPO)

**ORDER GRANTING MOTION**
**FOR LEAVE TO ISSUE ADDITIONAL SUBPOENAS**

THIS CAUSE came before the Court upon the Motion for Leave to Issue Additional Subpoenas ("Motion") filed by BITO Storage Solutions US, INC., ("Applicant"). The Court, having considered the Motion and supporting materials and otherwise being fully advised in the premises, finds as follows:

A. On July 31, 2020, this Court granted Applicant's request for judicial assistance to obtain discovery in aid of a pending criminal investigation and a contemplated civil proceeding in Germany and found that the Applicant's request met the requirements under 28 U.S.C. § 1782 ("Order Granting Initial Application"). See Order Granting *Ex Parte* Application for Assistance Pursuant to 28 U.S.C. § 1782 [D.E. 9]. Further, the Order Granting Initial Application provides that "[n]othing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity." Id.

B. Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance in the instant Motion.

C. For purposes of the Motion, the Court finds Applicant seeks documentary and testimonial evidence from Wells Fargo Bank, N.A. and Mr. Shane Jennings, which reside or are found in the Southern District of New York (collectively, "Discovery Targets").

D. This Court has previously determined in the Order Granting Initial Application that the documentary and testimonial discovery sought through the previous judicial assistance request was for use in foreign proceedings in which Applicant was an interested person, namely a criminal investigation about the fraud suffered by the Applicant, which is being conducted by the Public Prosecutors of Diusburg and Lueneburg, Germany, (the "Pending Criminal Investigation"), and a contemplated civil proceedings to be filed before the German Civil Court against the fraudsters to recover the funds diverted from Applicant, which proceedings are within Applicant's reasonable contemplation (the "Contemplated Civil Proceeding") (collectively, the "Foreign Proceedings"). Id.

E. The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Discovery Targets are not parties to the proceedings in Germany and are not expected to become parties thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the German courts or public prosecutors would not be receptive to U.S. federal court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent German proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicant is authorized to issue and serve a subpoena on each of the Discovery Targets in substantially similar form to the subpoenas attached to the Motion as Composite Exhibit 1. The Applicant is further authorized to issue and serve additional follow up subpoenas on the Discovery Targets as may be necessary to obtain the documentary and testimonial evidence for use in the Foreign Proceedings.

4. The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 3rd day of June, 2021.

_____
J. PAUL OETKEN
United States District Judge